**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| In re:<br>Tiffany Davis,<br>                Debtor | Case No. 18-72116-SCS<br>Chapter 7 |

John P. Fitzgerald, III
Acting United States Trustee
for Region Four,
        Plaintiff

            v.

Ishere Brooks,
        Defendant.

APN

**Complaint under 11 U.S.C. § 110 Seeking Fines, Disgorgement,
Injunctive Relief, and Civil Penalties**

*I.  Parties, Standing, and Jurisdiction*

    1.    Plaintiff, John P. Fitzgerald, III, is the Acting United States Trustee for Region Four, which includes the Eastern District of Virginia.

    2.    Fitzgerald has standing to bring this Complaint pursuant to 11 U.S.C. §§ 307 and 110.

    3.    At all times relevant to the matters set forth in this Complaint, the debtor, Tiffany Davis ("Davis" or "debtor"), resided in Virginia Beach, Virginia.

    4.    At all times relevant to the matters set forth in this Complaint, defendant, Ishere Brooks ("Brooks" or "defendant"), acted as a bankruptcy petition preparer, within the

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

meaning of 11 U.S.C. § 110(a)(1), during her transactions with Davis in the Eastern District of Virginia.

5. At all times relevant to the matters set forth in this Complaint, defendant prepared "documents for filing" within the meaning of 11 U.S.C. § 110.

6. At all times relevant to the matters set forth in this Complaint, defendant was not licensed to practice law in the Commonwealth of Virginia or before this Court.

7. Defendant does not operate under the direct supervision of an attorney, and, at all times relevant to the matters set forth in this Complaint, did not operate under the direct supervision of an attorney.

8. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

11. Under Fed. R. Bankr. P. 7008, Fitzgerald consents to entry of a final order or judgment by the Bankruptcy Court.

## II.   Tiffany Davis' dealings with defendant

12. On information and belief, in the fall of 2017, the debtor contacted Brooks via email, using an email address provided by a friend[1] for whom Brooks had prepared bankruptcy

---

[1] On information and belief, the friend for whom Brooks prepared the bankruptcy documents is Aaron Johnson. *See* Aaron Johnson (Case No.17-22719, United States Bankruptcy Court, Maryland (Baltimore). As in the instant case, page 7 of petition is missing. The response to question 16 in the Statement of Financial Affairs also appears to have been "whited out." In

2

documents. Brooks responded that she would assist the debtor.

13. At Brooks' direction, Davis provided Brooks with access to her credit report, and information about her creditors, income, expenses, and dependents, and Brooks prepared the debtor's bankruptcy documents, including schedules, statements, the application for waiver of the chapter 7 filing fee, and the chapter 7 means test.

14. Brooks emailed Davis a completed petition, completed schedules, and completed statements, and during a phone conversation, Brooks reviewed the documents with Davis and instructed her to remove certain pages and alter certain others. A copy of the documents provided to the debtor by Brooks via email are filed herewith as *Exhibit A*.

15. The petition which Brooks emailed to the debtor contained the following at page 7:

| | |
|---|---|
| **For your attorney, if you are represented by one**<br><br>**If you are not represented by an attorney, you do not need to file this page.** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.<br><br>/s/ Ishere Brooks                                           Date    **March 15, 2018**<br>Signature of Attorney for Debtor                                     MM / DD / YYYY<br><br>**Ishere Brooks**<br>Printed name<br>**The Office of Marlene Johnson**<br>Firm name<br><br>**7812 Wynbrook Rd**<br>**Baltimore, MD 21224**<br>Number, Street, City, State & ZIP Code<br><br>Contact phone _____    Email address    preciouscredit17@gmail.com<br><br>**Ishere Brooks**<br>Bar number & State |

---

addition, software from CIN Group, www.cincompass.com, was used.

3

*See* Exhibit A filed herewith.

16.   At Brooks' request, the debtor removed page 7 from the petition. The petition which the debtor filed is numbered sequentially from page 6 to page 8, skipping page 7.

17.   The Statement of Financial Affairs which Brooks provided to the debtor contained the following response to Question 16 on the Statement of Financial Affairs:

**Part 7: List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you

Official Form 107          Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 3
Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor 1   DAVIS, TIFFANY MICHELLE          Case number (*if known*)

consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| The Office of Marlene Johnson<br>7812 Wynbrook Rd<br>Baltimore, MD 21224 | 0.00 | | $0.00 |

*See* Exhibit A, filed herewith.

18.   On information and belief, Brooks instructed the debtor to "whiteout" the language about the Office of Marlene Johnson. Davis did as instructed, and the response

4

to Question 16, on the Statement of Financial Affairs, which Davis filed, appears below:

> Debtor 1  DAVIS, TIFFANY MICHELLE                    Case number (if known)
>
> consulted about seeking bankruptcy or preparing a bankruptcy petition?
> Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.
>
> ☒ No
> ☐ Yes. Fill in the details.
>
> | Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, If Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
> |---|---|---|---|
> |  | 0.00 |  | $0.00 |

Case 18-72116-SCS, Doc 1, pages 39 and 40 of 57.

19.     On June 15, 2018, the debtor filed the petition and other bankruptcy documents she had received from Brooks--revised as Brooks directed--commencing the instant case.

20.     Carolyn L. Camardo was appointed chapter 7 trustee.

21.     The debtor and Brooks corresponded via email and telephone. They did not meet in person.

22.     Davis paid Brooks $350 to prepare her bankruptcy documents; via PayPal, on January 17, 2018, she sent $350 to Brooks as a "Bankruptcy Fee."

23.     On information and belief, Brooks completed some of the bankruptcy documents with false information. For instance, she filled in the portion of the Chapter 7 Means Test--requiring a statement of gross wages --with the false number $724.67. *See* Doc 1, page 45.[2]

---

[2] Schedule I indicates that debtor's gross monthly wages are $4,348.00.

24. Attached to Davis' petition and other bankruptcy documents is a Form 201B – Certification of Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code – Certificate of [Non-Attorney] Bankruptcy Petition Preparer. This form, although signed by the debtor, does not identify any non-attorney bankruptcy petition preparer, and all the portions of the document requesting such information are left blank. *See* Doc. 1 at 47 of 57. *And see* Exhibit A (form provided to debtor was blank).

25. No Form B119 – Bankruptcy Petition Preparer's Notice, Declaration and Signature, was filed in this case.

26. Brooks did not disclose her bankruptcy assistance on any document filed in the debtor's case.

27. Brooks did not place her own signature on any bankruptcy document prepared for the debtor and filed in the instant case.

28. Brooks did not put an identifying number on any document prepared for the debtor and filed in this case.

29. In the course of their dealings, via email and over the telephone, Brooks gave the debtor legal advice, including, but not limited to: advice about the purpose and benefits of filing bankruptcy, bankruptcy procedures and rights, the need for credit counseling and financial education, applying to waive the filing fee, classifying claims, responding to deadlines imposed by the Court in connection with the chapter 7 filing, and other legal matters. Brooks also furnished legal advice to the debtor by completing the Statement of Current Monthly Income and Disposable Income Calculation

30.     By providing legal advice to the debtor, Brooks engaged in the unauthorized practice of law in violation of Virginia Code. Ann. § 54.1-3904, and violated Part 6, § 1(A) of The Rules of the Supreme Court of Virginia.  By providing the debtor with legal advice, Brooks engaged in fraudulent, unfair, or deceptive conduct.

31.     By failing to disclose her participation in preparing the debtor's bankruptcy documents, by preparing false bankruptcy documents, and by directing the debtor to alter bankruptcy documents, Brooks engaged in fraudulent, unfair, or deceptive conduct.

32.     Upon information and belief, defendant did not provide Davis with the written notice required by 11 U.S.C. § 110(b)(2)(A), did not sign the notice under penalty of perjury, and did not file it with the bankruptcy documents filed in this case.[3]

33.     Defendant did not file a declaration under penalty of perjury together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of this case, and any unpaid fee charged to Davis.[4]

### III. *Brooks' apparent misuse of software*

34.     In the case of Darell Hazelton, Case 18-11150, filed in the United States Bankruptcy Court, District of Maryland (Baltimore), an Attorney Disclosure was signed, above the line for the "Signature of Attorney," by Ishere Brooks. Brooks purported to be connected with "The Office of Marlene Johnson," *Id*., an attorney licensed to practice law in the State of Maryland and before the United States District Court for the District of Maryland. The

---

[3] Official Form 119, Bankruptcy Petition Preparer's Notice, Declaration, and Signature (12/15) is the appropriate form.
[4] Official Form B2800 (12/15) is the appropriate form.

United State Trustee investigated and, as a result of the investigation, reported that Brooks was not connected in any way to the Office of Marlene Johnson, and that the attorney did not authorize Brooks to represent that she had any connection to the Office of Marlene Johnson. *See* Case 18-11150, Doc 21.

35. The software used in the Hazelton case appears to be the same software used in the instant case, CINcompass, a cloud-based bankruptcy software "[c]reated for … bankruptcy attorney." https://www.cincompass.com. The petition filed in the Hazelton case also skips page 7. Case 18-11150, Doc 1, page 6 of 43. It appears the response to Question 16 on the Statement of Financial Affairs was also altered. Case 18-11150, Doc 1, page 36 of 43.

36. In the Hazelton case, Brooks filed a response indicating that she had helped her "cousin on this software to do it with no fee" and she was not sure "how it added my name." Case 18-11150, Doc 19.

37. On information and belief, CINcompass only licenses its bankruptcy software to licensed attorneys and verifies that purchasers of its CINcompass software are licensed to practice law.

38. CINcompass advised the U.S. Trustee that Brooks does not have and never had an account with CINcompass, and it did not permit her to gain access to its software.

### III. *Violations of section 110 of the United States Bankruptcy Code*

Defendant failed to comply with the following provisions of section 110, at least ten times:

8

- (b)(1): failing to sign the bankruptcy documents and print on the bankruptcy documents her name and address;

- (b)(2)(B): failing to provide Davis with the notice required by 11 U.S.C. § 110(b)(2)(A) and failing to sign the notice under penalty of perjury and file it with the documents filed in this case;

- (c)(1): failing to place an identifying number on the bankruptcy documents after the preparers' signature;[5]

- (e)(2): offering legal advice and engaging in the unauthorized practice of law;[6]

- (h)(2): failing to file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately preceding the filing of the case;

- (h) charging an excessive fee.

### *Fraudulent, unfair, and deceptive conduct*

39. By providing legal advice to Davis, defendant engaged in the unauthorized practice of law in violation of Virginia Code. Ann. § 54.1-3904, and violated Part 6, § 1(A) of

---

[5] If the bankruptcy preparer is an individual, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation. If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the social security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer. 11 U.S.C. § 110 (c)(2)(A).

[6] Each instance of defendant giving legal advice to Davis is a violation of 11 U.S.C. § 110(e)(2)(A).

the Rules of the Supreme Court of Virginia. By providing Davis with legal advice, defendant engaged in fraudulent, unfair, or deceptive conduct.

40. By failing to disclose her participation in preparing Davis's bankruptcy documents, defendant engaged in fraudulent, unfair, or deceptive conduct.

41. By advising Davis to alter bankruptcy documents, defendant engaged in fraudulent, unfair, or deceptive conduct.

42. By preparing false bankruptcy documents, defendant engaged in fraudulent, unfair, or deceptive conduct.

*Assessment of Fines*

43. Pursuant to section 110(l)(2), defendant should be fined $500 for each failure to comply with subsections (b), (c), (e), and (h), and she failed to comply with the provisions of section 110 at least ten times in this case. The Court should impose a total fine of $5,000.00.

*Tripling of Fines*

44. Pursuant to section 110(l)(2)(D), the fines assessed against defendant shall be tripled because she prepared bankruptcy documents in a manner that failed to disclose her identity as a bankruptcy petition preparer. The Court shall triple the fines to $15,000.

*Fees to be forfeited or disgorged*

45. Pursuant to section 110(h)(3)(B), defendant should forfeit all fees charged in this case, because she failed to comply with sections (b), (c), and (e).

46. In the alternative, $350 exceeds the reasonable value petition preparers may charge for their services, and defendant should be ordered to disgorge all fees in excess of the

amount this Court determines to be reasonable[7].

### *Statutory and Actual Damages*

47.    Pursuant to section 110(i)(1), this Court may award statutory damages to Davis because of defendant's violations of section 110 and her fraudulent, unfair, and deceptive conduct. The United States Trustee requests judgment against defendant in favor of Davis in the amount of $2,000. The Court should also assess additional damages to the extent the Court determines Davis suffered actual damages.

### *Injunction barring defendant from Acting as a Petition Preparer*

### *(11 U.S.C. § 110(j))*

48.    By engaging in the unauthorized practice of law, and in the other activities set forth herein, defendant engaged in fraudulent, unfair, or deceptive conduct in violation of 11 U.S.C. § 110(j)(1) and (2).

49.    Defendant has continually engaged in conduct violating 11 U.S.C. §§ 110(j)(2)(A)(i)(I) and (III).

50.    Defendant has repeatedly engaged in conduct similar to that described in the preceding paragraphs while preparing bankruptcy documents for filing, for compensation, including providing legal advice in the seeking of bankruptcy relief and in the filing of bankruptcy documents.

51.    There is no adequate remedy at law to prevent defendant from violating section

---

[7] This Court has previously permitted a bankruptcy petition preparer to charge $140 for lawful services. *See In re: Latoya A. Cowell*, Case No. 16-73949-FJS (Consent Order Regarding petition preparer, Eunice Murray entered February 9, 2017 ); *In re Atiya Harpe*, Case No. 10-71147-SCS (Consent Order entered October 13, 2010 regarding Bankruptcy Petition Preparer Adrienne Enjoli Via).

110 in future cases. An injunction prohibiting defendant from engaging in conduct in violation of section 110 would not be sufficient to present her interference with the proper administration of title 11. *See* 11 U.S.C. § 110(j)(2)(B).

52.  The United States Trustee requests that this Court permanently enjoin defendant from acting as a bankruptcy petition preparer as authorized by 11 U.S.C. § 110(j)(2)(B) and (j)(3).

WHEREFORE, the U.S. Trustee respectfully requests that this Court:

A.  fine defendant $500 for each failure to comply with 11 U.S.C. §§ 110(b)(1); 11 U.S.C. § 110(b)(2)(B); 11 U.S.C. § 110(c)(1); 11 U.S.C. § 110(e); 11 U.S.C. § 110(h)(1); 11 U.S.C. § 110(h)(2); and 11 U.S.C. § 110(e)(2)(A), payable to the United States Trustee for deposit pursuant to 11 U.S.C. §110(l)(4)(A), for a total fine of $5,000 and triple the fine to $15,000 as required by 11 U.S.C. §110(l)(2)(D);

B.  award statutory damages to Tiffany Davis, in the amount of $2,000.00, pursuant to §110(i)(1), because defendant violated §110(e)(2)(A) and engaged in fraudulent, unfair, and deceptive conduct, and assess additional damages to the extent the Court determines Davis suffered actual damages;

C.  order the immediate forfeiture and turnover by defendant of the $350 in fees collected from the debtor, pursuant to 11 U.S.C. § 110(h)(3), or, in the alternative to forfeiture of fees pursuant to 11 U.S.C. §110(h)(3)(B), order the immediate disallowance and turnover of all fees collected by defendant to the extent she exceed the value of any services rendered by defendant during the 12-month period immediately preceding the date of the filing of the debtor's petition;

D.  permanently enjoin defendant from acting as a bankruptcy petition preparer,

including using any entity or name to conduct activities as a bankruptcy petition preparer, in the Eastern District of Virginia, Norfolk and Newport News divisions; and

    E.    grant the U.S. Trustee such additional relief to which he may be entitled.

Dated: August 15, 2018

        Respectfully submitted,

        John P. Fitzgerald, III
        ACTING UNITED STATES TRUSTEE
        REGION FOUR

    By:    /s/ Cecelia A. Weschler
        Kenneth N. Whitehurst, III
        Assistant U.S. Trustee

        Cecelia A. Weschler
        Trial Attorney